THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **LUZ U.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FRANK BISIGNANO, Commissioner of Social Security,**<br><br>**Defendant.** | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:25-cv-00673-RJS-JCB**<br><br>**District Judge Robert J. Shelby**<br><br>**Magistrate Judge Jared C. Bennett** |

## PROCEDURAL BACKGROUND[1]

Plaintiff Luz U. ("Plaintiff") alleges disability due to various physical and mental impairments. Plaintiff applied for Disability Insurance Benefits under Title II of the Social Security Act[2] in January 2022.[3] Plaintiff's claim was denied initially[4] and upon reconsideration.[5] On July 31, 2024, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ").[6] The ALJ issued a written decision on November 5, 2024, denying Plaintiff's claim.[7] Plaintiff appealed the adverse ruling, and, on July 23, 2025, the Appeals Council denied

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 8.

[2] 42 U.S.C. §§ 401-434.

[3] ECF No. 10, Administrative Record ("AR ___") 376-82.

[4] AR 174-196.

[5] AR 197-226.

[6] AR 58-93.

[7] AR 28-57.

her appeal,[8] making the ALJ's decision final for purposes of judicial review.[9] Plaintiff then filed suit seeking review of Commissioner of Social Security Frank Bisignano's ("Commissioner") final decision.[10]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[11] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[12] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[13] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[14] "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[15]

---

[8] AR 1-6.

[9] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

[10] ECF No. 2.

[11] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation modified).

[12] 42 U.S.C. § 405(g).

[13] *Lax*, 489 F.3d at 1084 (citation modified).

[14] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (citation modified).

[15] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation modified).

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[16] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[17]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that [her] impairments would have more than a minimal effect on [her] ability to do basic work activities, [she] is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[18]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[19] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[20] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[21] An individual's RFC is her greatest ability to do physical and mental work activities on a regular and

---

[16] 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also* *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[17] 20 C.F.R. § 404.1520(a)(4); *see also* *Williams*, 844 F.2d at 750.

[18] *Williams*, 844 F.2d at 750-51 (citation modified); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

[19] 20 C.F.R. § 404.1525(a); *see also* 20 C.F.R. § 404.1520(a)(4)(iii).

[20] *Williams*, 844 F.2d at 751.

[21] 20 C.F.R. § 404.1520(a)(4), (e).

continuing basis despite limitations from her impairments.[22] In making this determination, the ALJ must consider all the claimant's impairments, including impairments that are not severe.[23]

For the fourth step, the claimant must show, given her RFC, that her impairments prevent performance of her "past relevant work."[24] "If the claimant is able to perform [her] previous work, [she] is not disabled."[25] If, however, the claimant is not able to perform her previous work, she "has met [her] burden of proof, establishing a prima facie case of disability."[26]

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[27] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of [her] age, education, and work experience."[28] If it is determined that the claimant "can make an adjustment to other work," she is not disabled.[29] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," she is disabled and entitled to benefits.[30]

---

[22] *Id.* § 404.1545(a)(1), (b)-(c).

[23] *Id.* § 404.1545(a)(2).

[24] 20 C.F.R. § 404.1520(a)(4)(iv).

[25] *Williams*, 844 F.2d at 751.

[26] *Id.*

[27] *Id.*

[28] *Id.* (citation modified); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

[29] 20 C.F.R. § 404.1520(a)(4)(v).

[30] *Id.*

## ANALYSIS

### I. Reversal and Remand Is Appropriate Because the ALJ Failed to Address Inconsistencies in the Lone Piece of Evidence on Which She Relied to Determine That Plaintiff Performed Past Relevant Work at a Light-Duty Level.

Substantial evidence does not support the ALJ's decision that Plaintiff performed past relevant work at a light-duty level because the lone document on which the ALJ relied is internally inconsistent, and the ALJ did not seek to obtain more information to remedy the inconsistency. "A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence."[31] Indeed, according to Social Security Ruling ("SSR") 96-8p, an ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."[32] As explained below, the lone piece of evidence on which the ALJ relied to determine that Plaintiff performed past relevant work at a light-duty level contains unexplained, internal inconsistencies that the ALJ did not remedy, which precludes a finding on judicial review that the ALJ's decision in supported by substantial evidence.

Determining that a plaintiff can perform past relevant work at step four can take only one of two forms. The plaintiff can perform her past relevant work either: (1) as it is performed in the national economy; or (2) as she performed it, which may be different than the way the work is normally performed in the national economy.[33] For purposes of this analysis, the court does not consider option (1) above because the ALJ concluded—and the parties do not dispute—that

[31] *Mercado v. Kijakazi*, 629 F. Supp. 3d 260, 274 (M.D. Pa. 2022) (citing *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993)).

[32] SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

[33] 20 C.F.R. § 404.1560(b)(2).

Plaintiff could not perform her past relevant work as a child monitor as that job is performed in the national economy.[34] Therefore, the court evaluates the ALJ's decision only as to whether substantial evidence supports the determination that Plaintiff can perform her past relevant work as a child monitor as she previously performed it.

In determining whether Plaintiff could return to her past relevant work as a child monitor as she performed it, the ALJ first assessed Plaintiff's RFC and concluded that the most Plaintiff could do is light-duty work.[35] The parties do not dispute the RFC, so the court accepts it as an established premise in its analysis.

Next, the ALJ determined that Plaintiff performed her past relevant work as a child monitor within the light-duty category.[36] This means that Plaintiff could lift no more than 20 pounds and could lift up to 10 pounds frequently.[37] The ALJ based this determination on a single piece of evidence: Plaintiff's Work History Report.[38] On this report, Plaintiff self-reported that she worked as a child care provider for a 14-month period from August 2019 to October 2, 2020.[39] Plaintiff stated that the heaviest weight she lifted in that job was less than 10 pounds and that the weight she frequently lifted was also less than 10 pounds.[40] In describing this job, she

---

[34] AR 48-49.

[35] AR 38. By definition, an RFC is an assessment of the most a claimant can do despite limitations from her impairments. 20 C.F.R. § 404.1545(a)(1)-(2), (b)-(c).

[36] AR 48.

[37] 20 C.F.R. § 404.1567(b) (defining "light work" as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighting up to 10 pounds").

[38] AR 443-50.

[39] AR 443.

[40] AR 444.

said: "I was a nanny and took care of a baby boy. I fed him, changed him, cleaned him up, took him for walks in the stroller, [and] put him down for naps."[41] As to her lifting and carrying duties in this job, Plaintiff further stated that she "just lift[ed] or carri[ed] the baby from home to my car and from the car to the stroller and vice[ ]versa."[42] Based solely on this evidence, the ALJ found that Plaintiff's past relevant work as a child monitor, as performed, fell into the light-duty category.[43]

Finally, the ALJ compared the RFC with the way that Plaintiff performed her past relevant work as a child monitor and observed that Plaintiff's past work as she performed it fit within the RFC's light-duty category.[44] And because the way Plaintiff performed her past relevant work as a child monitor was consistent with the RFC, the ALJ determined that Plaintiff could perform her past relevant work and, therefore, was not disabled.[45]

In reviewing the ALJ's decision, the court notes that for the ALJ's conclusion to be valid, both premises for that conclusion must also be valid. Although the first premise (i.e., the RFC) is supported by substantial evidence, the second premise (i.e., how Plaintiff performed her past work) is not. Plaintiff's Work History Report indicates that Plaintiff took care of a singular "baby boy" for a 14-month period.[46] Although a baby—which in plain English means "infant"[47]—may

---

[41] *Id*.

[42] *Id*.

[43] AR 48.

[44] AR 48-49.

[45] AR 49.

[46] AR 443-44.

[47] *Baby*, Webster's Third New International Dictionary, unabridged (1993).

weigh less than 10 pounds for a time, it is common sense that babies grow. During a 14-month period, a typical child will grow over 10 pounds and may grow to exceed 20 pounds without considering all of the equipment (e.g., diaper bag, child carrier, etc.) that usually accompanies a young child. The check-box form that Plaintiff provided in her Work History Report fails to tell the details of her prior work as a child monitor. That the ALJ relied on this check-box form is somewhat ironic given that ALJ's frequently give little to no evidentiary weight to check-box forms in the record precisely because they lack details.[48] Additionally, neither the ALJ's decision nor the Commissioner's brief cites to any record evidence besides the Work History Report showing how Plaintiff performed her past work as a child monitor. Plaintiff's Work History Report contained conflicting evidence that precludes the court from concluding that the ALJ's determination as to how Plaintiff performed her past relevant work is supported by substantial evidence.

In the face of conflicting evidence, the Commissioner has long recognized the ALJ's duty to resolve the conflicts and ambiguities in the record. For example, SSR 96-8p requires an ALJ to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."[49] This is especially true where, as here, Plaintiff was unrepresented at the hearing before the ALJ.[50] Although "the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are

---

[48] *See, e.g.*, *Terwilliger v. Comm'r, Soc. Sec. Admin.*, 801 F. App'x 614, 623 (10th Cir. 2020) (affirming the ALJ's decision to give little weight to a check-box form that lacked detailed explanations).

[49] SSR 96-8p, 1996 WL 374184, at *7.

[50] *Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir. 2008).

adequately explored,"[51] when the claimant is unrepresented, "the ALJ is under a heightened duty to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts."[52] The required scrupulous and conscientious exploration of the facts surrounding Plaintiff's past relevant work did not occur in this case.

Nevertheless, the Commissioner contends that substantial evidence supports the ALJ's decision. The Commissioner argues that "if Plaintiff's childcare duties as she actually performed them did not require her to be able to lift more than 20 pounds, then Plaintiff could still perform her past relevant work despite this limitation."[53] Agreed. But the Commissioner cites no other evidence aside from Plaintiff's conflicting Work History Report as to how Plaintiff performed her past relevant work as a child monitor. And, as shown above, there are not enough facts in that check-box form to determine whether "Plaintiff's childcare duties as she actually performed them did not require her to be able to lift more than 20 pounds."[54] Consequently, substantial evidence does not support the second premise on which the ALJ relied to support the conclusion that Plaintiff could perform her past relevant work as a child monitor at a light-duty level. And because the second premise is not supported by substantial evidence, neither is the ALJ's conclusion that Plaintiff can perform her past relevant work.

Given that the ALJ's conclusion is not supported by substantial evidence, the court must determine whether to recommend awarding benefits or remanding to the Commissioner. When

---

[51] *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997).

[52] *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990) (citation modified) (cited with approval in *Musgrave v. Sullivan*, 966 F.2d 1371, 1375 (10th Cir. 1992)).

[53] ECF No. 17 at 5.

[54] *Id*.

further factual development is necessary, remand to the Commissioner is the appropriate remedy.[55] More factual development is required to determine how Plaintiff performed her past relevant work. From there, the ALJ will be able to decide whether Plaintiff performed that work at a light-duty level. If so, she is not disabled. If not, then the ALJ will be able undertake the remaining analysis to determine whether she is disabled.

## RECOMMENDATION

For the reasons stated above, IT IS HEREBY RECOMMENDED that the ALJ's decision be REVERSED AND REMANDED.

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[56] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[57] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 5th day of August 2026.

BY THE COURT:



JARED C. BENNETT
United States Magistrate Judge

[55] *Guy v. Massanari*, 21 F. App'x 848, 850 (10th Cir. 2001) (affirming reversal and remand to the Commissioner because awarding benefits immediately would "usurp the role of the fact finder").

[56] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[57] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).