IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LUZ MARIA AGUAYO URIBE,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of the Social Security Administration.<br><br>Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:25-cv-00673-RJS-JCB<br><br>Judge Robert J. Shelby<br><br>Magistrate Jared C. Bennett |

Before the court is the Report and Recommendation (Report) issued by Magistrate Judge Jared C. Bennett on August 6, 2026.[1] The Report recommends reversing the Social Security Administration (SSA)'s decision to deny Plaintiff's claim for disability benefits and remand the claim to the SSA Commissioner.[2]

Plaintiff Luz Maria Aguayo Uribe applied for Disability Insurance Benefits under Title II of the Social Security Act in January 2022.[3] The SSA denied Plaintiff's claim.[4] On July 31, 2024, Plaintiff appeared before Administrative Law Judge Corinne McLaughlin seeking further a review of her claim.[5] On November 5, 2024, Judge McLaughlin denied Plaintiff's claim.[6] Plaintiff appealed the adverse decision, and on July 23, 2025, the SSA Appeals Council affirmed Judge McClaughlin's denial.[7] On August 13, 2025, Plaintiff subsequently filed suit in this court

---

[1] Dkt. 19, *Report and Recommendation* (*Report*).

[2] *Id.* at 10.

[3] Dkt. 10, *Administrative Record* at 376–82 (Uribe's application for disability insurance benefits).

[4] *Id.* at 174–226 (Uribe's claim information).

[5] *Id.* at 58–93 (hearing transcript).

[6] *Id.* at 28–57 (Judge McLaughlin's decision).

[7] *Id.* at 1–6 (Notice of Appeals Council Action).

seeking review of the SSA's final denial decision.[8] On December 15, 2025, Plaintiff filed a Motion for Review of Social Security Agency Action seeking the court reverse the agency's benefits denial decision.[9]

On August 5, 2026, Judge Bennett issued the Report.[10] Judge Bennett found the ALJ's determination that Plaintiff was able to perform her past relevant work as a child monitor as she previously performed it while in a light-duty category was not supported by substantial evidence, as the ALJ relied on only a single piece of internally conflicting evidence to conclude Plaintiff did not previously lift loads exceeding the 20-pound light-duty weight restriction when fulfilling her job responsibilities.[11] Accordingly, Judge Bennett recommended that the agency's decision be reversed and the claim be remanded for appropriate review.[12] The Report provided notice that "[t]he parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it. Failure to object may constitute waiver of objections upon subsequent review."[13]

Federal Rule of Civil Procedure 72 allows parties to file "specific written objections to the proposed findings and recommendations" within fourteen days after being served with a copy of the recommended disposition.[14] When no objections are filed, the Supreme Court has

---

[8] Dkt. 2, *Complaint*.

[9] Dkt. 12, *Plaintiff's Opening Brief*.

[10] *Report*.

[11] *Id.* at 5–10.

[12] *Id.* at 10.

[13] *Id.* (citation omitted).

[14] Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

suggested no further review by the district court is required, but neither is it precluded.[15] This court generally reviews unobjected-to report and recommendations for clear error.[16]

The deadline for Defendant to object passed on August 19, 2026, and no objection was filed.[17] Accordingly, this court reviews the Report for clear error. Having carefully considered the Report, the court determines Judge Bennett's analysis and conclusions are sound. The court finds no clear error and adopts the Report in full.

**ORDER**

The court ADOPTS in full the Report.[18] Plaintiff's Motion for Review of Social Security Agency Action is GRANTED.[19] The SSA's decision denying Plaintiff's claim for disability benefits is REVERSED. The court REMANDS Plaintiff's claim to the agency for appropriate review. The Clerk of Court is directed to close the case.

SO ORDERED this 28th day of August, 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

[15] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[16] *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error." (citations omitted)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)); *see Hill v. Smith's Layton Distribution*, 1:24-cv-00201-RJS-DBP, 2026 WL 2295119, at *6 (D. Utah Aug. 10, 2026) (reviewing an unobjected-to report and recommendation for clear error).

[17] *See generally docket.*

[18] Dkt. 19.

[19] Dkt. 12.